CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

2/16/2018

JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

JIMMY W. CAMPBELL
and
DONNA D. CAMPBELL,

        Plaintiffs,

v.                        CIVIL ACTION NO. 5:18-cv-00043

JAYCO, INC.,

**SERVE:**    Commonwealth of Virginia
              State Corporation Commission
              Office of the Clerk
              Tyler Building, 1st Floor
              1300 E. Main Street
              Richmond, Virginia   23219

and

CHARLIE OBAUGH AUTO GROUP OF STAUNTON, INC.,

**SERVE:**    Eric W. Obaugh
              Registered Agent
              Charlie Obaugh Auto Group of Staunton, Inc.
              410 Lee Jackson Highway
              Staunton, Virginia   24401

and

BRANCH BANKING AND TRUST COMPANY,
t/a BB&T Bank

**SERVE:**    CT Corporation System
              Registered Agent
              Branch Banking and Trust Company
              4701 Cox Road, Suite 285
              Glen Allen, Virginia 23060

        Defendants.

# COMPLAINT

COME NOW the plaintiffs, JIMMY W. CAMPBELL and DONNA D. CAMPBELL, by counsel, and move for judgment against the defendants on the grounds and in the amounts as hereinafter set forth:

1. This is a case for breach of express and implied warranties and violation of the Magnuson-Moss Warranty Act for the plaintiffs' damages and legal fees, or in the alternative revocation of acceptance and legal fees.

2. Plaintiffs are "consumers" who reside in Churchville, Virginia and choose to bring this cause of action in the Harrisonburg Division of the United States District Court for the Western District of Virginia.

3. Jayco, Inc. (hereinafter "Jayco"), is a corporation engaged in manufacturing recreational vehicles (RVs) with its principal place of business located in Middlebury, Indiana. It does significant business in this district since, among its advertising and authorized dealers/agents, which distribute, sell, and service is the Defendant CHARLIE OBAUGH AUTO GROUP OF STAUNTON, INC (hereinafter "Charlie Obaugh") which is in Staunton, Virginia and thus is located in this district.

4. Branch Banking and Trust, Company, t/a BB&T Bank ("BB&T") is a corporation authorized to do business in the Commonwealth of Virginia and, at all times relevant hereto, did business in this Division. and, *inter alia*, is engaged in the business of banking on a retail level and financing recreational vehicles purchases.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to the federal Magnuson-Moss Warranty Act, 15 U.S.C. §2301 et seq., since the amount in controversy exceeds $50,000.00, invoking 28 USC 1331, and/or the amount in controversy is more than $75,0000 and is between citizens of different states, invoking 29 USC 1332. Plus, this court has supplemental jurisdiction of the state law claims regarding the same transaction and events pursuant to 28 U.S.C §1367(a).

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT
### Against all Defendants

6. This case involves a defective 2015 Jayco Precept recreational vehicle ("the vehicle") that Jayco warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or within a reasonable amount of time and whose warranty and/or contract Jayco breached.

7. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

8. This claim is for breach of warranty and/or contract by Jayco.

9. As a result of the above, and the allegations below, *inter alia*, Jayco breached its warranty and/or contract causing damage to the Plaintiffs.

10. At all times relevant, Charles Obaugh was a supplier and merchant and an authorized representative and agent of Jayco.

3

11.     Charles Obaugh was authorized by Jayco, *inter alia*, to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle, to do a a pre-delivery inspection of the new RV, to test all systems, to providing Plaintiffs an orientation of the RV, its systems, components, and operation; to request that Plaintiffs read all warranty information, and explain any provisions of the warranty not understood by the Plaintiffs; to ensure Plaintiffs received the Warranty Packet, and to complete and return the "Warranty Registration and Customer Delivery Form" to Jayco within 10 days to activate the applicable warranty coverage.

12.     On or about August 25, 2015, relying on the express oral and written warranties from Jayco and Charles Obaugh, as well as the description of the vehicle and the alleged features, such as the "Dream Dinette System", Jayco, Charles Obaugh and the Plaintiffs entered into the agreement *(Footnote 1)* in which Plaintiffs agreed to acquire a 2015 Jayco Precept recreational vehicle, VIN # 1F66F5DY1E0A16952 ("the vehicle"), which Charles Obaugh agreed to sell to them. As part of the agreement, and as explained by the sales person from Charles Obaugh, Jayco contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against. **Exhibit 1** is a copy of the Buyer's Order for the purchase of this vehicle. **Exhibit 2** is a copy of the Retail Installment Contract and Security Agreement (RIC) for the financing of the vehicle.

---

1   The terms "agreement" and "contract", as used herein, are not synonymous and are used as those terms are separately defined in the Uniform Commercial Code. Va. Code §8.1A-201(3) & (12). Under §8.1A-201(12)

4

13. Plaintiffs acquired the vehicle in reliance on the agreement with Charles Obaugh and Jayco, which included the written warranty from Jayco, and on advertising representations and/or warranties of Jayco, and as explained to them by the salesman from Charles Obaugh.

14. The purpose of Jayco's warranty was to get the vehicle fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose. A secondary purpose of the Jayco's warranty was to give Plaintiffs confidence in the reliability and quality of the vehicle. Another purpose of the Jayco warranty was to give Plaintiffs confidence in Jayco as a company.

15. After acquiring the vehicle, Plaintiffs discovered that it did not conform to the representations of Jayco and Charles Obaugh in as much as it did not contain certain promised features, and it developed ongoing malfunctions, defects and problems that were not repaired in a reasonable period of time.

16. The current unrepaired defects in the vehicle included, but are not limited to, among other things:

   a. The front air conditioner will not cool.

   b. Electrical problems, bad wiring from batteries.

   c. Broken windshield wipers passenger side – the post comes loose when in use and wiper falls past windshield and will not come back up.

   d. Roof vents duct work overhead do not turn at direction of floor.

   e. There is no storage space under the queen side bed.

   f. The slide out passenger side rear is very noisy.

5

g. Once the camper is set up with levelers if you put key in ignition the levelers go back up.

h. The gas gauge in the fuel tank reads at half tank when it is empty.

i. The windshield washer does not pump.

j. The outside water filter freezes in winter.

k. Wiring underneath black water tank and valves loose.

l. The lights stay on on the auto leveler.

m. There is wiring hanging down under the driver's side dash.

n. The bathroom vent blows cold air instead of hot air when heat is on.

o. The batteries won't hold a charge which runs lights and refrigerator.

p. The "Dream Dinette" system does not exist.

17. After purchase the vehicle was out of service for repair, either at Charles Obaugh, or the Jayco factory on seven occasions, and significant defects with the RV continued to exist.

18. Finally, after almost two years of the vehicle not operating as designed due to significant defects, and after only putting 5564 miles on it during this period due to the defects, following the unsuccessful June, 2017 repair attempt at the Jayco factory in Indiana, on September 25, 2017, October 9, 2017 the Plaintiffs notified Jayco, and/or Charles Obaugh in writing regard the continuing defects in the vehicle and their desire for a refund. When this written and oral demand was refused, on or about December 13, 2017 the Plaintiffs, through their attorney, sent a letter to Charles Obaugh and Jayco revoking their acceptance of the vehicle and notifying BB&T that pursuant to Va. Code §8.2-717, they would begin withholding their

6

monthly payments. Neither Jayco or Charles Obaugh ever agreed to refund their money, nor did BB&T agree to permit them to withhold their loan payments as permitted by Virginia Code §8.2-717.

19.  The defects in the motor vehicle began shortly after purchase, and after seven repair attempts, including a final trip to the Jayco factory in Indiana, the defects described above in ¶16 continue to exist.

20.  The repair history and days out of service for repair for the vehicle are noted in the following chart:

| Date | # of days | R/Order # | Mileage | Problems |
|---|---|---|---|---|
| 9-1-15 | 19 | 337601 |  | Customer states stove top will not latch; entrance steps are inoperable; hot water heater keeps tripping out; black water valve is leaking in the closed position; dash AC is not getting cold; needs front end alignment |
| 6-6-16 | 5 | 349023 |  | Customer states slideout leaks; bathroom vent blows cold air when heat is on; shower leaking around base; kitchen faucet leaking; batteries not holding charge; antenna handle fell off; leveling jacks not operating correctly; |
| 9-22-16 | 7 | 354324 | 3619 | Customer states bedroom slideout is leaking when extended; living room slideout is leaking when extended or retracted; auto level system will not level the unit (rearend sitting too high when leveled; toilet paper holder too short and will not stay connected; condensation building up around ceiling register |
| 1-24-17 | 16 | 359746 | 3649 | Customer states the house batteries keep losing charge with nothing turned on in the unit and unit in storage mode; |

| | | | | |
|---|---|---|---|---|
| | | | | leak at the non-door side main slide when slide out is in; fuel gauge in the dash is giving false readings |
| 4-4-17 | 9 | 362798 | 3698 | Customer states the house batteries keep going dead with battery disconnect switches turned off; VSP at Obaugh Chevrolet |
| 5-5-17 | 5 | 364339 | 4081 | Customer states bunk over top of the driver's cockpit is loose and rattling in the tracks mounted to the wall; bathroom furnace vent is not blowing any hot air |
| 6-20-17 | 16 | | 5564 | JAYCO FACTORY SERVICE CENTER, MIDDLEBURY, IN<br><br>Customer states kitchen faucet needs replaced; front A/C from engine; bathroom has no hot air; electrical problems – bad wiring from batteries; windshield wipers on passenger side broke; roof vents duct work overhead don't turn direction of airflow; no storage space under queen size bed; pantry door stays stuck – won't open; toilet paper holder in bathroom is broken; slideout on passenger side rear is very noisy; with camper set up and jacks down, if you put key in ignition they retract; TV in bedroom won't pick up channels (antenna); gas gauge in fuel tank does not read at ½ until empty; windshield washer does not pump; water filter missing?; on demand water heater won't stay at temp it's set on, it keeps getting hotter; check wiring under black water tank and valves loose; overhead bunk came loose from frame; lights stay on the auto leveler; wiring hanging down on driver's side under dash; knob missing overhead vent; check skylight above shower, one side is lifting up; TV in bedroom not coming in as well as |

|  |  |  |  | living room; |
|---|---|---|---|---|
|  | 30 |  |  | Jayco repairs |

21. Thus, after being in the repair shop for seven or more times, and being out of service a total of about 107 days and accumulating about 26 defects since its acquisition, five of which were attempted to be repaired more than once without success and at least eight of which were attempted to be repaired more than eight times. Plaintiffs notified Jayco and Charles Obaugh that they wanted their money back. Jayco has refused this request.

22. Jayco's warranty on this vehicle proclaims in pertinent part, "The Jayco warranty covers the "house portion" of this recreational vehicle ("RV"), when used only for its intended purpose of recreational travel and camping, for two (2) years, or the first twenty-four thousand (24,000) miles of use, whichever occurs first…In the event that a substantial defect in material or workmanship, attributable to Jayco, is found to exist during the warranty period, it will be repaired or replaced, at Jayco's option, without charge to the RV owner, in accordance with the terms, conditions and limitations of this limited warranty."

23. In its warranty Jayco promised Plaintiffs that it would "repair or replace" defective materials or workmanship. Even though numerous defects were found and Jayco was given numerous chances to remedy the defects, Jayco failed to do any one of those things it promised regarding the current problems, in spite of numerous complaints and opportunities and amounts of time to comply with Jayco's lawful obligation.

9

24. In spite of Jayco's obligations, when Plaintiffs complained of the inability of Jayco and its authorized warranty-repair facility to make the vehicle defect fee for over two years from the date of sale, and for their money back, Jayco refused and asked for more time or chances to repair the vehicle.

25. As a result of its inability to repair the vehicle's defects within a reasonable period of time Jayco breached its express and/or implied warranties and/or contract.

26. Instead of performing as represented, Jayco did not repair all defects in the vehicle once and for all time. In short, the defects were not repaired, Plaintiffs lost all confidence in the reliability and quality of the RV, and Plaintiffs lost all confidence in Jayco as a company.

27. As a result, Jayco's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

28. In addition, limitations contained within the warranty and/or contract regarding consequential damages and disclaimers of any implied warranties in this consumer transaction, where the parties have unequal bargaining power are unconscionable, are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

29. Through its advertising and otherwise, Jayco represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the vehicle in reliance upon the belief that Jayco possessed a high degree of manufacturing skill and judgment.

30. Through its advertising and otherwise, Jayco represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality.

31. The malfunctions and defects in the vehicle substantially impaired its use and/or safety and/or value to Plaintiffs.

32. Jayco's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of Jayco to repair the vehicle's defects.

33. Plaintiffs provided Jayco and Charles Obaugh with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts

34. As a result of the above facts, Jayco breached its warranties and/or contract and/or representations with respect to the vehicle.

35. One or more of the defects and malfunctions in the vehicle were covered under the terms of Jayco's warranties and/or contract, and Jayco failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle.

36. Jayco and Charles Obaugh were provided notice of their breaches of the warranty and/or contract and the defective condition of the subject motor vehicle, and that they wanted to revoke acceptance of the vehicle within a reasonable time from the date of sale.

37.     Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Jayco's authorized representatives to repair or replace the vehicle or refund its price.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT
### Against Jayco

38.     The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

39.     This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Jayco's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

40.     As a result of the above, among other things, Jayco has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

41.     As a result of the above, among other things, Jayco breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

42.     As a result of the above, *inter alia*, Jayco is in violation of the Warranty Act.

## COUNT III--HOLDER LIABILITY
### Against BB&T Bank

43. Plaintiffs incorporate by reference all heretofore mentioned facts and allegations in this Compliant.

44. Pursuant to Virginia Code §8.9A-403(d) and 16 CFR 433 ("Holder-In-Due-Course Regulations") BB&T Bank is subject to all of Plaintiffs' claims and defenses against Charles Obaugh arising out of the aforesaid sale, and is responsible for all amounts paid by it towards the purchase of the RV, including their liability for the payoff, plus any legal fees recoverable under the Magnuson-Moss Warranty Act.

## PRAYER FOR RELIEF

WHEREFORE,

1. On the First Claim for Relief Plaintiffs pray for judgment against all defendants, jointly and severally, as follows:

   a. Money damages in the amount of $100,000.00, for diminished value, as well as other incidental and consequential damages, plus interest, costs, prejudgment interest, and reasonable legal fees; OR in the alternative

   b. Cancellation, or revocation of acceptance of the Buyer's Order and RIC including payment of any payoff required by BB&T in order to release the title; legal fees and costs; AND

   c. Such other and further relief as this Court deems just.

2. On the Second Claim for Relief Plaintiff prays for judgment against Jayco, jointly and severally, as follows:

13

2. On the Second Claim for Relief Plaintiff prays for judgment against Jayco, jointly and severally, as follows:

 a. Money damages in the amount of $100,000.00, for diminished value, as well as other incidental and consequential damages, plus interest, costs, prejudgment interest, and reasonable legal fees; OR in the alternative

 b. Cancellation, or revocation of acceptance of the vehicle including any payoff required by BB&T in order to release the title; they suffered legal fees and costs; AND

 c. Such other and further relief as this Court deems just.

3. On the Third Claim for Relief Plaintiffs pray for judgment against BB&T for all amounts paid by them towards the purchase of the RV, including their liability for the payoff, legal fees, plus

 a. Such other and further relief as this Court deems just.

**Trial by jury is demanded.**

   **JIMMY W. CAMPBELL**
   **and**
   **DONNA D. CAMPBELL,**

   /s/ John Cole Gayle, Jr.
   John Cole Gayle, Jr., Esquire
   Counsel for Plaintiffs
   VSB No. 18833
   The Consumer Law Group, P.C.
   1508 Willow Lawn Drive, Suite 220
   Richmond, Virginia 23230
   Telephone: 804 282-7900
   Facsimile: 804 673-0316
   jgayle@theconsumerlawgroup.com